383·15

No. 13-14-00083-CR

IN the

Texas Court of Criminal appeals

At Austin

&

No. 13-CR-2947-C

No. 13-14-00083-CR

IN the court of appeals for the

Thirteenth District of Texas

At Corpus Christi - Edinburg

&

Valentin Gaona

Appellant

v.

The State of Texas

Appellee

&

Petition For Discretionary Review of

Appellant Valentin Gaona

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 22 2015
Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS
JUN 26 2015
Abel Acosta, Clerk

# Table of contents

Table of Contents     i

Index of Authorities     ii

Statement Regarding Oral Arguement     1.

Statement of the Case     2.

Statement of Procedural History     3.

Grounds for Review     4.

Reasons for Review     5.

Prayer for Relief     11.

# Index Of Authorities

Cases                                                                Page

Brook v State, 323 S.w.3d 893 (Tex Crim App 2010)        5.

Burton v State, 230 S.w.3d 846, 852 (Tex App - Houston   5.
[14th District] 2007 no pet) citing Jackson, 443 U.S.
At 319

Crain v Texas, 315 S.w.3d 43, 52 (Tex Crim App 2010)     6.

Hamal v State, 390 S.w.3d 302, 306 (Tex Crim App         5.
2012)

Hudson v State, 244 S.w.3d At 785                         6.

Jackson v Virginia, 443 U.S. 307, 99 s.ct 2781, 61 L.    5.
Ed 2d 560 (1979)

Rabb v Texas, 434 S.w.3d                                  7.

Temple v State, 390 S.w.3d 341, 360 (Tex App) 2010       5.

Terry v Ohio, 392 U.S 1, 22, 88                          6.

Thompson v State, 426 S.w.3d At 309                       5.

Throneberry v State, 109 S.w.3d 52, 56 (Tex App -        6.
Fort Worth 2003)

## Statement Regarding Oral Arguement

Pursuant to Tex. R. App. P. 39.7 Appellant requests Oral arguement in this case because. Oral arguement would significally assist this court in the decision making process.

## Statement of the Case

Appellant was charged with evading arrest with a motor vehicle alleged to have occurred on September 4, 2013. On October 31, 2013, Appellant was indicted for the third degree offense of evading arrest with a motor vehicle (CircB). The state alleged in the indictment that Appellant had been twice before convicted of a felony offense for enhancement purposes (CCRIB). Appellant was brought to trial before jury on January 21, 2014, and entered a plea of not guilty.

2.

## Statement of Procedural History

On February 19, 2015, the thirteenth Court of Appeals concluded that the judgement of the trial court should be affirmed. No motion for rehearing was filed.

3.

# Grounds For Review

① Castro testified that she observed appellant fail to stop behind the stop sign at the intersection of Mohawk and Baldwin. page 2

② The State charged appellant by indictment with evading arrest with a motor vehicle, a third-degree felony enhanced to a first-degree felony by two-prior convictions. page 2

③ Reasonable suspicion exist if the peace officer possesses "specific, articulable facts which, when combined with rational inferences from those facts, would lead the officer to conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." page 4

④ Castro testified that she did not know if there was a stop line at that intersection, and neither party asserts on appeal that one existed. page 5

⑤ First, Castro testified that if appellant had not stopped he would have hit the police car carrying her and Evans. Second, Evans testified that appellant's vehicle stopped "way past - where you would normally stop." Third, Evans testified on cross-examination that appellant's truck was "so far out past the line" that he thought appellant was going to collide with the car. page 5

4.

Reasons For Review

Point of Error One

The Evidence is Legally Insufficent to Support Appellants Evading Arrest with a motor Vehicle Conviction:

The appellate court's review is limited to applying the legal sufficiency standard discussed in Jackson Us. Virginia, 443 U.S. 307, 99 g. et 2781, 01 L. Ed. 2d 560 (1979) See Temple us State, 390 S.W. 3d 341, 360 (Tex Crim App 2013)(citing Brook v 323 S.W. 3d 893)(Tex Crim App 2010)plurality opinion. In evaluating a legal insufficiency claim attacking a jury finding of guilt the appellate court reviews all the evidence in the light most favorable to the verdict. Bulton v State, 230 S.W 3d 846, 852 (Tex App - Houston [14th Dist] 2007; no pet.) citing Jackson, 443 U.S at 319.

Appellant asserts that there is no evidence to show that officer's attempt to detain him was lawful because they had no reasonable basis to believe that he had committed a traffic violation. (See Thompson, 426 Sw3d at 209.)To conduct a traffic stop in compliance with the 4th amedment, an officer must have reasonable suspension. automobiles 349 (2.1) automobiles 60.3(1) Hamel v State 390 Sw3d 302, 306 (Tex Crim App 2012). Due process clause of 14th admendment protect a defendant in a criminal case against conviction court held for 1st time (except upon beyond a reasonable doubt of "every" fact necessary to constitute the crime with which he is charged. Constitutional law

5.

831.5 denial of due process. Court exceed to use dash cam as a fact necessary to prove traffic violation. Castro testified that she observed appellant fail to stop at intersection. To mitigate a investigation stop the officer must possess a reasonable suspicion based on specific articulate facts that in light of the officer's experience and general knowledge would officers to reasonable conclusion. (Terry v. Ohio, 392 4.5.1, 22,88.)(Crain v. Texas 315 Sw3d 43.52)(Tex Crim App) 2010 Officer was proven to have lacked reasonable suspicion illegal, detained and in violation of constitution rights, Hudson v. State 244 Sw3d at 785. No evidence obtained by an officer in violation with the constitution or laws of the state of Texas shall be admitted in evidence against the accused on trial of any criminal cases. (Hamal v State 390 Zw 3d 302, 306. When viewing all evidence, it is clear that the acts the state has alleged do not constitute a criminal offense under the totality of the circumstances, the evidence therefore, as a matter of law, cannot support the conviction. Consequently, considering all of the record evidence in the light most favorable to the verdict no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. (Throneberry v State 109 S.W 3d 52, 56)(Tex App - Fort Worth 2003)

4.

## Point of Error Two

A defendant is entitled to a requested instruction on a lesser included offense when the proof for the charged offense subsumes the proof required to establish the lesser included offense and same evidence in the record would permit a rational jury to find that if the defendant is guilty, he is guilty only if the lesser charge anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. In (Richard Lee Rabb v Texas 434 S.W 3d Court of Criminal Appeals) defendants conviction for tampering with evidence is revised because the alleged that defendant destroyed evidence, then presented no evidence that the evidence was destroyed. Appellant asks courts why there is no evidence to lawfully arrest appellant for evading arrest with a motor vehicle. If there is no evidence to support conviction of Evading arrest with motor appellant's constitutional Rights were violated. Therefore lesser include offense should be reconsidered. In this case, a collect jury charge would require the state to prove that appellant fled in a vehicle. (Thompson v State 426 S.W 3d 206, 207)(Tex App Houston [1 Dist] 2012 pet. ref'd.) No attempt was made to prove that appellant was in fact the "driver" in this vehicle. (Tibbs v. Florida 437 U.S 31) states that a conviction that rests upon insufficient evidence when after viewing the evidence in light must be favorable to the prosecution none rational can find guilty

7.

beyond a reasonable doubt. Once again (Jackson v Virginia 443 U.S. 5307. 341 constitutional law) denial of due process. Due process clause of 14th amendment protects a defendant as a criminal case against conviction. Beyond a reasonable doubt "every fact" is necessary to constitute the crime with which he or she is charged.

8.

No evidence in this case can be proven beyond a reasonable doubt. There is no evidence to prove traffic stop was constitutional when viewing the dash camera. Testimonies of officer's conflict one another to the point that there is reasonable doubt. Furthermore, appellant was found guilty for evading arrest with motor vehicle. The appellant was not apprehended in vehicle. The state did not provide sufficient evidence to prove that appellant was actually driving this vehicle which would violate constitutional rights and Amendment 14th and 4th. No finger prints were taken and officers admitted to never seeing the driver. Even though there was another individual at the time of the incident, officers did not investigate thouroughly, all evidence that the state introduced during trial was obtained in violation of the law (Malik v state, 953 Sw2d 234, 240 Tex Crim App 1997.) Therefore, no evidence at the trial from which a fact finder could infer that appallent was actually the driver. It is also possible that he was not. Without any evidence on the status of the driver presented, it is unclear who was actually driving. Officer Castro admits on the stand that she was never able to see the driver, and the video cam proves that the driver was not seen.

When viewing all the evidence, it is clear that the acts that the state has alleged do not constitute a criminal offense under the

9.

totality of the circumstances, the evidence therefore, as a matter of law, cannot support the conviction. Consequently, considering all of the record evidence in the light most favorable to the verdict no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.

## Prayer For Relief

Appellant prays that this Honorable court find the evidence legally insufficient to support the trial court's judgement and requests this Honorable court reverse the trial court's judgement and render an order of acquittal.

Appellant further request any other relief to which she may be legally entitled.

11.



# THE THIRTEENTH COURT OF APPEALS

## 13-14-00083-CR

Valentin Gaona
v.
The State of Texas

On Appeal from the
94th District Court of Nueces County, Texas
Trial Cause No. 13-CR-2947-C

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be AFFIRMED. The Court orders the judgment of the trial court AFFIRMED.

We further order this decision certified below for observance.

February 19, 2015



## NUMBER 13-14-00083-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

VALENTIN GAONA,                                           Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

## MEMORANDUM OPINION

Before Justices Benavides, Perkes, and Longoria
Memorandum Opinion by Justice Longoria

By one issue, appellant Valentin Gaona challenges the sufficiency of the evidence

supporting his conviction for evading arrest or detention with a motor vehicle. *See* TEX.

PENAL CODE ANN. § 38.04(b)(2)(A) (West, Westlaw through 2013 3d C.S.). We affirm.

## I. BACKGROUND

Corpus Christi Police Officer Alexandria Castro ("Castro") was patrolling with her field training officer, Officer Kirby Evans ("Evans"), in the early morning hours of September 4, 2013. Castro testified that she observed appellant fail to stop behind the stop sign at the intersection of Mohawk and Baldwin. Castro turned the car around, activated her emergency lights and siren, and pursued appellant. Following a chase, Castro observed appellant stop his vehicle, jump out, and run away on foot. Castro pursued him on foot while Evans stayed with the passenger of appellant's vehicle. Castro eventually caught and arrested appellant.

The State charged appellant by indictment with evading arrest with a motor vehicle, a third-degree felony enhanced to a first-degree felony by two prior felony convictions. See id.; § 12.42(d) (West, Westlaw through 2013 3d C.S.). A jury returned a verdict of guilty, found both enhancement paragraphs to be true, and assessed punishment at ~~████████~~ imprisonment in the Texas Department of Criminal Justice—Institutional Division and no fine. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

In his sole issue, appellant asserts that the State did not produce sufficient evidence that the officers' attempt to detain him was lawful. See TEX. PENAL CODE ANN. § 38.04(a) (West, Westlaw through 2013 3d C.S.)

## A. Standard of Review and Applicable Law

When an appellant challenges the sufficiency of the evidence, appellate courts view all the evidence in the light most favorable to the jury's verdict and determine whether, based on that evidence and reasonable inferences drawn from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In conducting this review, we are mindful that it is the province of the jury, acting as the trier of fact, to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011).

We measure the sufficiency of the evidence by the elements of the offense as they are defined by the hypothetically correct jury charge for the case. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The hypothetically correct charge is one that is authorized by the indictment, accurately sets out the law, does not unnecessarily increase the State's burden of proof or unnecessarily restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Sanchez v. State*, 376 S.W.3d 767, 772 (Tex. Crim. App. 2012). In this case, the hypothetically correct jury charge would require the State to prove that appellant: (1) intentionally; (2) fled in a vehicle; (3) from a peace officer that he knew was attempting to lawfully arrest or detain him. *Thompson v. State*, 426 S.W.3d 206, 209 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). It is an element of the offense that the peace officer's attempt to arrest or detain the defendant

3

was lawful. *Id.*; *Throneberry v. State*, 109 S.W.3d 52, 56 (Tex. App.—Fort Worth 2003, no pet.).

A traffic stop is a seizure within the meaning of the Fourth Amendment and therefore must be supported by reasonable suspicion to be lawful. *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997); *see Vasquez v. State*, 324 S.W.3d 912, 919 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) ("In other words, an officer may initiate a traffic stop if he has a reasonable basis for suspecting that a person has committed a traffic violation."). Reasonable suspicion exists if the peace officer possesses "specific, articulable facts which, when combined with rational inferences from those facts, would lead the officer to conclude that a particular person actually is, has been, or soon will be engaged in criminal activity." *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010). We analyze on an objective basis whether the facts available to the officers gave rise to reasonable suspicion; "the subjective intent of the officer conducting the investigation is irrelevant." *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012).

## B. Discussion

Appellant asserts that there is no evidence to show that the officers' attempt to detain him was lawful because they had no reasonable basis to believe that he had committed or was committing a traffic violation. *See Thompson*, 426 S.W.3d at 209. According to appellant, he stopped before entering the intersection, which is all that the transportation code requires.

The requirements of the transportation code for a vehicle operator approaching a stop sign vary depending on the circumstances: (1) if a crosswalk exists, the driver shall stop before entering the crosswalk; (2) if there is no crosswalk, the driver shall stop at a

clearly marked stop line; (3) if there is no stop line, the driver shall stop "at the place nearest the intersecting roadway where the operator has a view of approaching traffic on the intersecting roadway." *State v. Police*, 377 S.W.3d 33, 37 (Tex. App.—Waco 2012, no pet.) (citing TEX. TRANSP. CODE ANN. § 544.010(c) (West, Westlaw through 2013 3d C.S.)). There was no crosswalk at the intersection in this case( Castro testified that she did not know if there was a stop line at that intersection, and neither party asserts on appeal that one existed. )The State agrees that the statute does not impose a rule that a driver must always stop before the stop sign, but argues that the evidence is sufficient for the jury to find beyond a reasonable doubt that Castro had a reasonable basis for thinking that appellant stopped his vehicle in the intersection, which is a violation of the statute.[1] *See* TEX. TRANSP. CODE ANN. § 544.010(c); *see also Morgan v. State*, No. 01-05-1163-CR, 2007 WL 1412870, at *6 (Tex. App.—Houston [1st Dist.] May 10, 2007, pet. ref'd) (mem. op., not designated for publication) (holding that the police had probable cause to stop the appellant when his car stopped in "the crossing lane of traffic").

We agree( First, Castro testified that if appellant had not stopped he would have hit the police car carrying her and Evans. Second, Evans testified that appellant's vehicle stopped "way past—where you would normally stop." Third, Evans testified on cross-examination that appellant's truck was "so far out past the line" that he thought appellant was going to collide with the car.) The jury could have reasonably inferred from the testimony of both officers that appellant's truck stopped within the intersection.

---

[1] Castro and Evans's erroneous belief that appellant necessarily violated section 554.010 by not stopping before the stop sign does not affect this analysis because determining whether Castro and Evans had reasonable suspicion to believe that appellant committed a traffic violation is an objective analysis of all the facts available to the officers that does not include their subjective intent. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012).

5

*See Gear*, 340 S.W.3d at 746. Fourth, when testifying in front of the jury, Castro and Evans marked the approximate spot where appellant stopped his truck on a diagram that depicted the intersection and the surrounding streets.[2]

However, the diagram is not in the record. When an attorney fails to request that the content of a demonstration designed to clarify a witnesses' testimony be reflected in the record, courts presume that the unseen demonstration supports the jury's verdict. *Connell v. State*, 233 S.W.3d 460, 468 (Tex. App.—Fort Worth 2007, no pet.); *Wawrykow v. State*, 866 S.W.2d 87, 90 (Tex. App.—Beaumont 1993, pet. ref'd) (holding the same in the context of a police officer demonstrating the degree of force with which the defendant shoved him); *see also Bounds v. State*, No. 09-06-00076 CR, 2006 WL 3438062, at *3 (Tex. App.—Beaumont Nov. 29, 2006, no pet.) (mem. op, not designated for publication) (holding, in a prosecution for aggravated sexual assault of a child, that when the prosecutor used drawings of male and female figures for demonstrative purposes, and it was sometimes "unclear as to what parts of the body his questions and the child's answers referred," the court of appeals presumed that the demonstrations supported the jury's verdict).

In sum, after a thorough review of the record, and giving due deference to the role of the jury as the trier of fact, we conclude that there is sufficient evidence to support a finding beyond a reasonable doubt that Castro was attempting to lawfully detain appellant. *See Vasquez*, 324 S.W.3d at 919; *see also Thompson*, 426 S.W.3d at 209. We accordingly overrule appellant's sole issue.

---

[2] The State presented the diagram to appellant's trial counsel beforehand, and he agreed that the diagram was an accurate depiction of the intersection and the adjacent streets on which the chase took place.

6

## III. Conclusion

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
19th day of February, 2015.

7